NO. 23-0962-431

| | | |
|---|---|---|
| MICHAEL JACKSON,<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 431ST JUDICIAL DISTRICT |
| RACETRAC PETROLEUM INC.<br>DBA RACETRAC #612 AND<br>COINMACH CORPORATION AKA<br>CSC SERVICEWORKS, INC<br>Defendants. | §<br>§<br>§<br>§<br>§ | DENTON COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Michael Jackson, hereinafter called Plaintiff, complaining of and about Racetrac Petroleum INC. DBA Racetrac #612 and Coinmach Corporation aka CSC ServiceWorks, Inc. hereinafter called Defendants, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

### PARTIES AND SERVICE

2. Plaintiff, Michael Jackson, is an Individual resident of Frisco, Texas.

3. The last three numbers of Michael Jackson 's social security number are 972.

4. Defendant Racetrac Petroleum INC. DBA Racetrac #612 is a Company in the state of Texas, and may be served with process by serving the agent in Texas under Corporate Creations Network, Inc is located at 5444 Westheimer #1000, Houston, Texas 77056 or wherever it may be found. Service of said Defendant as described above can be effected by personal delivery.

Defendant Coinmach Corporation aka CSC ServiceWorks, Inc. is a Company in the state of Texas, and may be served with process by serving the CT Corporation located at 1999 Bryan St, Ste. 900, Dallas, Texas 75201 or wherever it may be found. Service of said Defendant as

described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. This Court has jurisdiction over Defendant Racetrac Petroleum INC. DBA Racetrac #612 because said Defendants purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Racetrac Petroleum INC. DBA Racetrac #612 will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

This Court has jurisdiction over Defendant Coinmach Corporation aka CSC ServiceWorks, Inc. because said Defendants purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Coinmach Corporation aka CSC ServiceWorks, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendants Coinmach Corporation aka CSC ServiceWorks, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

Plaintiff would show that Defendants Racetrac Petroleum INC. DBA Racetrac #612 had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants.

8. Venue in Denton County is proper in this Cause.

## MISNOMER/ALTER EGO

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## FACTS

10. At all times material hereto, Defendant Racetrac Petroleum INC. DBA Racetrac #612 was the owner of the property, located at 2676 Eldorado PKWY Frisco, Texas 75033.

At all times material hereto, Defendant Coinmach Corporation aka CSC ServiceWorks, Inc. was doing business at the property, located at 2676 Eldorado PKWY Frisco, Texas 75033.

11. On or about May 25, 2021, Plaintiff Michael Jackson entered upon said premises for the purpose of putting air in his tire. Plaintiff entered on the said property of Defendant at the invitation of Defendant to engage in the act of using the air pump. Plaintiff wanted to put air in his tire, during the time that Plaintiff Michael Jackson was upon Defendant's property, Plaintiff Michael Jackson was seriously injured when the tire exploded due to the malfunctioning air pump due to a faulty air hose and inaccurate pressure reading.

13. Michael Jackson's bodily injuries occurred as a direct result of a tire explosion that was proximately caused by the dangerous condition of the machine described above, which Defendants knew or, in the exercise of ordinary care, should have known existed.

## LIABILITY OF DEFENDANT RACETRAC PETROLEUM

14. At all times mentioned herein, Defendant Racetrac Petroleum INC. DBA Racetrac #612 owned the property in question, located at 2676 Eldorado PKWY Frisco, Texas 75033.

15. At all times mentioned herein, Defendant Racetrac Petroleum INC. DBA Racetrac

#612 had such control over the premises in question that Defendants Racetrac Petroleum INC. DBA Racetrac #612 owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

16. Defendants Racetrac Petroleum INC. DBA Racetrac #612 Defendant's agents and employees negligently permitted the air pump machine to become faulty and dangerous, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the machine. This condition existed despite the fact that Defendants Racetrac Petroleum INC. DBA Racetrac #612 or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

17. Furthermore, Plaintiff would show the court that the condition of the air machine had continued for such period that, had Defendants Racetrac Petroleum INC. DBA Racetrac #612 Defendant's agents exercised ordinary care in the maintenance of the machine, it would have been noticed and corrected by such persons.

18. At all times pertinent herein, Defendants Racetrac Petroleum INC. DBA Racetrac #612 and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

  A. Failing to properly inspect and maintain the air pump machine in question to discover the dangerous condition;

  B. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the air pump machine;

  C. Failing to give warnings to Plaintiff of the unsafe condition; and

  D. Failing to discover and repair the dangerous condition within a reasonable time.

## LIABILITY OF DEFENDANT COINMACH CORPORATION
## AKA CSC SERVICEWORKS, INC

15. Defendants Coinmach Corporation aka CSC ServiceWorks, Inc. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

16. Defendant Coinmach Corporation aka CSC ServiceWorks, Inc. Defendant's agents and employees negligently permitted the air pump machine to become faulty and dangerous, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the machine. This condition existed despite the fact that Defendants Coinmach Corporation aka CSC ServiceWorks, Inc. or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

17. Furthermore, Plaintiff would show the court that the condition of the air machine had continued for such period that, had Defendants Coinmach Corporation aka CSC ServiceWorks, Inc. Defendant's agents exercised ordinary care in the maintenance of the machine, it would have been noticed and corrected by such persons.

18. At all times pertinent herein, Defendants Coinmach Corporation aka CSC ServiceWorks, Inc. and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

    A.    Failing to properly inspect and maintain the air pump machine in question to discover the dangerous condition;

    B.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the air pump machine;

    C.    Failing to give warnings to Plaintiff of the unsafe condition; and

    D.    Failing to discover and repair the dangerous condition within a reasonable time.

## PROXIMATE CAUSE

19. Each, every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES FOR PLAINTIFF MICHAEL JACKSON

20. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Michael Jackson was caused to suffer bodily injury, and to endure anxiety, pain, and illness resulting in damages more fully set forth below. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Michael Jackson has incurred the following damages:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Michael Jackson for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Denton County, Texas;

   B. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Mental anguish in the past;

   E. Physical pain and suffering in the future;

   F. Mental anguish in the future;

   G. Physical impairment in the past;

   H. Physical impairment which, in all reasonable probability, will be suffered in the future;

   I. Lost wages in the past; and

   J. Lost wages in the future.

21. By reason of the above, Plaintiff, Michael Jackson has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## RULE 193.7 NOTICE

22. Pursuant to Rule 193 of the Texas Rules of Civil Procedure, Plaintiff hereby give actual notice to Defendant that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents and/or materials produced in discovery.

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS INDIVIDUALLY**

23. Pursuant to Rule 194, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2 (a) - (i), (k) and (l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Michael Jackson, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**ROLLE LAW**

_____
**CHAD W. EATON**
State Bar No. 24056666
Email: chade@rbrl.com

2030 Main Street, Suite 200
Dallas, Texas 75201
Tel: (214) 742-8897
Fax: (214) 637-6872

**ATTORNEY FOR PLAINTIFF**